















```
ELC    10/24/01    13:49
3:01-M -02540    USA V. JIMENEZ
*1*
*CRCMP.*
```

FILED
01 OCT 24 PM 1:50

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. | 01 MG 2540 |
| Plaintiff ) | COMPLAINT FOR VIOLATION OF | |
| ) | | |
| V. ) | Title 21 U.S.C. Section 841(a)(1) Possession with Intent to Distribute a Controlled Substance | |
| Carlos JIMENEZ and ) Mario VILLANUEVA, ) | | |
| Defendant ) | | |

The undersigned complainant being duly sworn states:

On or about October 23, 2001, within the Southern District of California, defendants Carlos JIMENEZ and Mario VILLANUEVA, did knowingly and intentionally possess, with intent to distribute approximately 5,000 tablets of MDMA, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS __24th__ DAY OF October, 2001.

_____
MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, Special Agent Michael K. Casperson, declare under penalty of perjury, the following is true and correct:

On 10/23/01, at approximately 2:00 p.m., two subjects, later identified as Carlos JIMENEZ and Mario VILLANUEVA, arrived together in the parking lot area of Del Mar Highlands Town Center, 12955 El Camino Real, San Diego, CA. JIMENEZ (passenger) and VILLANUEVA (driver) occupied a gold, 1992 Ford Thunderbird bearing CA license plate 4RHU884.

Upon arrival at said location, VILLANUEVA parked said vehicle and JIMENEZ exited said vehicle carrying a multi-colored paper bag later found to contain approximately 5,000 tablets of a substance that field-tested positive for the presence of MDMA. VILLANUEVA remained in the driver's seat of said vehicle. JIMENEZ met with undercover Special Agent (S/A) Shannon Smith and handed S/A Smith said bag. At that time, agents attempted to apprehend JIMENEZ, but JIMENEZ fled from the scene on foot. After a brief foot pursuit, agents were able to affect the arrest of JIMENEZ.

During the arrest of JIMENEZ, VILLANUEVA attempted to flee said location in said vehicle. After a brief vehicle and foot pursuit through the crowded parking lot, VILLANUEVA was arrested as a co-conspirator to the aforementioned transaction between JIMENEZ and S/A Smith.

Additionally, JIMENEZ provided S/A Smith with a free sample of a substance that field-tested positive for the presence of cocaine. S/A Darren Argento field-tested said MDMA and cocaine.

During post-arrest statements made by JIMENEZ, JIMENEZ stated that he knew selling the 5,000 tablets was illegal. JIMENEZ stated that VILLANUEVA was sent by the source of said tablets to drive JIMENEZ to conduct said transaction. JIMENEZ stated that VILLANUEVA had knowledge that JIMENEZ was in possession of said tablets. JIMENEZ stated that said tablets were called "Versace."

VILLANUEVA invoked his MIRANDA privileges and was extremely evasive during the attempt by S/A Tracy Mendez to ascertain VILLANUEVA's biographical information.

Executed on ___10/24/01___ at _____11:00 a.m._____

*Michael [signature]*
SPECIAL AGENT

On the basis of the facts presented in the probable cause statement consisting of _2_ pages, I find probable cause to believe that the defendants named in this probable cause statement committed the offense on 10/23/01 in violation of Title 21, United States Code, Section 841(a)(1).

_[signature]_  10-24-01 @ 1:30 pm
United States Magistrate Judge    Date/Time